UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:18-CR-80 JD |
| LATONYA R. FOXX | |

**OPINION AND ORDER**

LaTonya Foxx is imprisoned at FMC Lexington. She is serving an 18-month sentence imposed by this Court after she was convicted of wire fraud in violation of 8 U.S.C. § 1343. Ms. Foxx began serving her sentence on June 8, 2022, but as a result of time credits she's received by participating in various prison programs, her projected release date is June 2, 2023. (*See* DE 283; 283-1 at 1.) Ms. Foxx sent a letter to the Court asking for early release from the prison. The Court construes the letters as a motion under 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release. As explained below, the Court will grant the motion.

**A. Background**

For three years, Ms. Foxx engaged in a scheme to defraud the United States by filing fraudulent tax returns on behalf of her clients. As part of the scheme, Ms. Foxx used fake W-2 forms and inflated her clients' tax refunds on their returns. In all, Ms. Foxx filed 673 fraudulent federal tax returns.

She was charged with two counts of wire fraud in violation of 18 U.S.C. § 1343, and five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. (DE 1.) On August 24, 2021, Defendant pleaded guilty to a single count of wire fraud. (DE 149.) On February 23, 2022,

the Court sentenced her to 18 months of imprisonment, and she began serving her sentence on June 8, 2022.

Shortly before filing her motion, Ms. Foxx approached her unit manager for instructions regarding a petition for compassionate release. The unit manager told her that she did not need to submit a request to the Warden and could file the petition directly with the Court. According to Ms. Foxx, the unit manager said that "99.9% [of] compassionate release requests get denied and it's best to go through the courts and your sentencing judge." (DE 281 at 1.)  Ms. Foxx also submitted a note from her unit manager acknowledging that she gave Ms. Foxx an option of either filing her request for compassionate release directly with the Court or undertaking the administrative process. (DE 281-2 at 5.)

**B. Standard of Review**

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commission, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). This analysis proceeds in two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (*cert*. denied 142 S. Ct. 1363 (2022)). At the first step the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.* If the defendant establishes such a reason, the district court, in the discretion

conferred by the statute, considers any applicable § 3553(a) factors as part of determining what reduction to award the defendant. *Id.*

The application notes to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present. Those include when the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the prison. U.S.S.G. § 1B1.13 n.1(A). *See United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020) (finding the substantive aspects of U.S.S.G. § 1B1.13 and its Application Notes provide a "working definition" of "extraordinary and compelling reasons" that can guide a court's discretion "without being conclusive"). Family circumstances, such as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," may also constitute extraordinary and compelling reasons. U.S.S.G. § 1B1.13 n.1(C)(i). The finding of extraordinary and compelling reasons is conditioned upon the defendant not being "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

A defendant moving for release from prison bears the burden of establishing extraordinary and compelling reasons. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) ("Although it has appeared only in nonprecedential opinions until now, we have also said that the movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction.").

**C. Discussion**

As a preliminary matter, when moving for compassionate release, a defendant must show that she has exhausted administrative remedies with the Bureau of Prisons. *See United States v.*

3

*Norris*, 2022 WL 1091564, *1 (7th Cir. Apr. 12, 2022) (unpublished) ("A court may grant a defendant's motion for compassionate release only if he files it after he 'has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf' or 'after ... the lapse of 30 days from the receipt of such a request by the warden.'" (citing 18 U.S.C. § 3582(c)(1)(A)). In opposing Ms. Foxx's motion, the Government claims that Ms. Foxx has failed to do so, and her motion must be denied on that ground alone. (Gov't Resp. Br., DE 268 at 8). Subsequent to the Government's brief, Ms. Foxx submitted a note from her unit manager which states that the unit manager advised Ms. Foxx that she had the option of either requesting compassionate release directly with the Court *or* petitioning through the Bureau of Prisons Administrative Remedy process. (DE 281-2.) The Government did not respond to Ms. Foxx's submission. Without any contradicting evidence, the Court finds that Ms. Foxx's unit manager unequivocally acknowledged that she gave Ms. Foxx an option of either filing her request for compassionate release directly with the Court or undertaking the administrative process. Accordingly, the Court finds that Ms. Foxx has not failed to exhaust her administrative remedies.

      In support of her motion, Ms. Foxx asserts that, upon entering the prison, she left her four children in the care of their father. Three months later he was arrested and since then she has had to rearrange the care for the children. The youngest two—ages eight and eleven—are now with her sister in Texas. The older two live with her friend in Indiana so that they could continue attending the school where they have played sports for the last four years.

      Ms. Foxx states that her sister has been ill, to the point of passing out while driving, and has told her that caring for the children is presenting a great hardship. What makes their care harder is that the eight-year-old, who has a history of suffering seizures, had a recent seizure at

4

school. In addition, the eleven-year-old has been sending Ms. Foxx suicidal messages because she's having trouble coping with her absence. Ms. Foxx's sister wrote a letter to the Court stating that she is "unable to properly house them and financially and physically care for them." (DE 181-2 at 1.) She has two of her own children, one of whom recently was discharged from a hospital after an attempted suicide. Ms. Foxx believes that the children are on the verge of being placed in a foster home.

As for the older children, their grades have been suffering and they may be ineligible to participate in basketball at school. Her oldest son is an outstanding basketball player, who was the only freshman last school year playing for varsity and, if he's disqualified from the team due to his grades, he will suffer emotional harm. The children are stressed because of the circumstances and because they have never been separated from their siblings or had both parents absent.

Ms. Foxx has shown that the circumstances of the two youngest children present extraordinary and compelling reasons for reduction of her sentence. The evidence presented by Ms. Foxx, and corroborated by her sister, is that her sister is no longer able to properly care for Ms. Foxx's two children. In addition, no other caretakers are available. Ms. Foxx's sister suffers from diabetes, high blood pressure, and chronic asthma and recently passed out while driving, which suggests a deterioration of her health condition. She was taken to the emergency room by an ambulance. Ms. Foxx's sister has two minor children of her own and one of them was recently released from hospital after an attempted suicide at home. What is more, she is dealing with the fact that Ms. Foxx's eleven-year-old daughter has suicidal ideations and writes Ms. Foxx frequently about that. And while it appears that the eight-year-old's seizures had been controlled, he recently suffered a seizure at school, creating additional complications and distress

for Ms. Foxx's sister. These circumstances are exacerbated by the fact that Ms. Foxx's sister has financial hardship (she lives in subsidized housing and receives food stamps). In her letter to the Court, Ms. Foxx's sister states that she is no longer able to provide the children with the needed mental and medical healthcare because of her own health failure and the already existing stresses, In light of these circumstances, the Court finds that, although there's no showing that Ms. Foxx's sister has suffered a complete physical incapacitation, her circumstances in the aggregate are such that she is incapable of caring for Ms. Foxx's children. *See United States v. Murry*, No. 115CR00153SEBTAB05, 2021 WL 795451, at *5 (S.D. Ind. Mar. 2, 2021) (noting that the Government's view of "incapacitation" that is limited to physical disability is "unnecessarily narrow").

    Ms. Foxx's case is similar to *United States v. Barnes*, No. 317CR00011RLYMPB04, 2021 WL 1269783 (S.D. Ind. Jan. 29, 2021). There, a prisoner's adult son required twenty-hour care, under the circumstances "to be analogous to a minor child." *Id*. at *4. After sentencing, the son's grandparents became his caregivers but the grandfather himself became ill requiring round-the-clock care. Accordingly, the grandmother now had to care for both her grandson and her husband, which became an untenable task, and no other caretakers were reasonably available. Under those circumstances, the court "exercise[d] its discretion to find that [the prisoner] has presented extraordinary and compelling reasons warranting a sentence reduction." *United States v. Barnes*, No. 317CR00011RLYMPB04, 2021 WL 1269783, at *4 (S.D. Ind. Jan. 29, 2021). Similarly, in the instant case, Ms. Foxx's two youngest children are facing a combination of extraordinary challenges that cannot be alleviated without Ms. Foxx being released from imprisonment. By all accounts, before being imprisoned, Ms. Foxx was a good mother and was

able to properly care for her children. There's nothing to suggest that anything has changed in this regard, and she stands ready to undertake her parental duties again.[1]

Next, the Court also finds that Ms. Foxx is not a danger to the safety of any other person or to the community, and the consideration of § 3553(a) factors does warrant an early release. For three years, Ms. Foxx participated in a scheme to defraud the United States, filing hundreds of fraudulent tax returns. This is a serious offense, and Ms. Foxx has served almost all of her sentence. Given that Ms. Foxx is currently slated for release on June 2, 2023, none of the sentencing goals will be undermined by a short reduction of Ms. Foxx's sentence. Ms. Foxx has received a just punishment and is unlikely to reoffend. Even with the sentence being reduced, it remains an adequate deterrent to criminal conduct. Importantly, apart from a conviction for driving under influence, Ms. Foxx has no criminal history and no history of drug abuse. She has a solid work history, performed well on pretrial release, and was and remains sincere in her remorse for her criminal conduct. In summary, an early release is consistent with the § 3553(a) factors.

**D. Conclusion**

Pursuant to 18 U.S.C. § 3582(c), the court finds that extraordinary and compelling reasons warrant a reduction of Ms. Foxx's sentence and her immediate release from imprisonment, that Ms. Foxx does not pose a danger to any other person or the community under the conditions of release, that the § 3553(a) factors support a reduction, and that her release from imprisonment is consistent with the Sentencing Commission's applicable policy statements.

---

[1] Because the Court is finding that the circumstances involving Ms. Foxx's two youngest children present extraordinary and compelling reasons for her release from prison, the Court is not separately addressing the situation of her two other children.

Therefore, the Court GRANTS Ms. Foxx's motion for compassionate release (DE 254), and ORDERS that Ms. Foxx's previously imposed sentence of imprisonment **be reduced to time served**.

The terms of supervised release imposed in the Judgment of February 23, 2022, remain the same.

**This order is stayed for up to 7 days**, for the verification of Ms. Foxx's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure her safe release. Ms. Foxx shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for her to travel. There must be no delay in ensuring travel arrangements are made. If more than 7 days are needed to make appropriate travel arrangements and ensure Ms. Foxx's safe release, the Government shall immediately notify the court and show cause why the stay should be extended.

No later than 12:00 p.m. on April 25, 2023, counsel for the United States is ORDERED to:

(1) transmit this order to Ms. Foxx's custodian; and

(2) file a notice with the Court confirming that transmission of the order has occurred.

SO ORDERED.

ENTERED: April 24, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court